Andrews, J.
The affidavits submitted in support of this motion conflict with these submitted in opposition to it upon important points,1 and leave many matters in doubt. *180 It is difficult to determine when Mrs. Green, or her counsel, or friends, first knew of the pendency of this action, or of the pendency of the reference which was ordered. Even • if the conclusion were reached that Mrs. Green is mistaken when she swears that, to the best of" her recollection and belief, the first that she ever heard of Downey, or of any suit by Downey, was about December 26 or 28, 1886, it is not entirely clear that she knew the object of the suit, or what the effect of the referee’s report would be if confirmed by the court. The affidavits made by Mrs. Green, and others on her behalf, are also so at variance with those submitted upon the other side as to leave it doubtful what authority any person or persons had to represent her, what examination of the assignee’s accounts was made by any one on her behalf, and what knowledge or information she had as to the nature of the objections which had been made before the referee to such accounts.
It appears that these objections were" of a serious character, and that a contest followed, lasting for several months. As I understand the affidavits, these objections were not passed upon by the referee, but the whole matter was disposed of by a "compromise, made by the attorneys of Mr. Cisco, the assignee and the plaintiff Downey. Xo creditor except the plaintiff was represented befofe the referee, and Mrs. Green, who is a very large creditor, is dissatisfied with the compromise.
It is claimed by the counsel of Mrs. Green that the assignee’s accounts are made out in such a manner that it is difficult to understand them, or to follow and trace out the various transactions which are covered by them. It is also strenuously insisted that the account omits many items on the debtor side with which the assignee should be charged, and embraces many things on the credit side with which he should not be credited ; and it would be very difficult, if not impossible, for me, upon the papers now presented, to decide whether this contention on the part of Mrs. Green’s ■counsel is, or is not, to some extent well founded.
*181 The matters about which question is so raised involve several hundreds of thousands of dollars, and Mrs. Green swears that if the referee’s report shall stand she will be injured to at least the sum of from fifty to one hundred thousand dollars. She also swears that no one was ever authorized by her to say that she did not propose to contest the assignee’s accounts, and that she does not believe any one ever assumed to say so on her behalf.
It does not appear that Mrs. Green ever assented to the compromise, or knew the nature of the report of the referee, or of the decree, until after the report had been made and the decree had been signed.
Applying to this motion the rules which are usually followed by courts in cases of this character, it would seem that even if Mrs. Green was not as vigilant as she should have been, and even if she was informed that proceedings of some sort were pending before the referee, but failed to appear on the reference, through misapprehension as to the nature of such proceedings, or through any excusable mistake, carelessness, or procrastination on her part, she nevertheless ought to have a hearing, and is entitled to relief upon suitable terms.
After a careful consideration of the motion, I have concluded, though with some hesitation, that the whole matter should be sent back to the referee for a further hearing, in the same manner and with the same effect as if Mrs. Green had appeared upon the reference, before the report was made, with leave to file such objections to the assignee’s accounts, and to offer such evidence as she may see fit.
An order to this effect will, therefore, be made, but only on condition that she will stipulate that, if substantially unsuccessful, she will pay all the expenses of the further proceedings to be had before the referee, and that she will proceed with reasonable speed.
The order may be settled upon two days’ notice.